# UNITED STATES DISTRICT COURT FOR THE STATE OF NEBRASKA, LINCOLN DIVISION

| | | |
|---|---|---|
| E.H. Neilson | ) | |
|    Plaintiff | ) | Civil No. **4:16cv03093RGK** |
| | ) | AMENDED MOTION TO SUPPLEMENT ALLEGATIONS |
|   v. | ) | TO FIRST AMENDED COMPLAINT ADDING A FEDERAL RACKETEERING |
| | ) | CLAIM AND ADDITIONAL PARTIES |
| HSBC, et al. | | CT CORPORATION, LORI GRAY AND |
| | ) | GARTH JACOBSON |
|    Defendants | | |
| | ) | |

___

    COMES NOW Plaintiff ans moves the court for permission to supplement her First Amended Complaint by adding in additional defendants GARTH JACOBSON, LORI GRAY and CT CORPORATION to this lawsuit pursuant to the 42 U.S.C. 3611(a)(2)(A),(B) (C) of the Fair Housing Act which mocks and is identical to 18 USC section 1512, the federal witness tampering statute and which is remedial under the Federal Racketeering Act, 18 USC section 1961, et seq. Plaintiff also seeks to add a RICO claim to her First amended Complaint and makes the following further allegations.

    1.   Defendant HSBC and it's wholly owned constituent entities Beneficial Wyoming, the latter registered as Beneficial Financial Inc. in the state of Nebraska as shown in exhibit "1" attached (and all having the identical "SECRETARIAL ADDRESS to HSBC. See exhibits "2" and "3" attached for registration info on Beneficial Wyoming and HSBC. HSBC is the whole owner of all entities. The Notice address of all entities through CT Corporation is SUITE 100, 26525 N. RIVERWOODS BLVD. METTAWA, IL 60045. The HSBC defendants

have colluded with their agent of service CT Corporation, it's various employees and it's retained counsel BELCHER and CROWLEY FLECK to commit witness tampering as proscribed under the FHA and RICO and numerous acts of mail and wire fraud.

2. Specifically, instead of conducting the proper default hearing on a specific performance /delay damages action filed on July 30, 2015 (see exhibit "6" attached for the default), on June 21, 2016 defendant WALDRIP irregularly conducted a motion to dismiss hearing on sufficiency of service of process in spite of a hearing to vacate the default. Pursuant to such motion to dismiss filed by BELCHER and his firm CRAWLEY FLECK on or about March 5, 2016, Belcher claimed that defendants service of process was defective because NEILSON caused service on a wrong address for CT Corporation. When NEILSON pointed out BELCHER"S fraud because the service address upon which NEILSON caused service to be made had not been changed until two months after NEILSON effected her service of process, BELCHER conspired with CT Corporation employee GARTH JACOBSON to file a false affidavit claiming that the service made upon Beneficial at the PIONEER address on September 2, 2015 was mailed service by another party in another case. Belcher also claimed that Plaintiff had not met the amount of "delay" damages necessary to give the district court subject matter jurisdiction because the purchase price NEILSON deposited with the Title Company on June 30, 2015 was $42,299 and interest on those funds which did not meet the subject matter jurisdiction of the court.

3. NEILSON opposed opposed the motion to dismiss asserting that the motion should be a motion to vacate. NEILSON also provided the court with a service videotape showing a panoramic view of the service and the CT Corporation agent Christina Horton receiving service of process. Finally, NEILSON filed a series of documents which established that at the time she filed her specific performance complaint, NEILSION had on that date suffered more than $54,000 in damages.

4. At the June 21, 2016 hearing conducted three days after NEISLON filed this FHA action and more than 3 weeks after NEILSON gave notice of filing an FHA claim to

2

BELCHER, BELCHER ambushed the proceedings by providing testimony by another CT Corporation employee Lori Gray which was perjured and based on a fabricated "process server sign in list" in violation of **Sec. 811. [42 U.S.C. 3611] (c)(2)** which specifically provides:

    (2)  Any person who, with intent thereby to mislead another person in any proceeding under this title--

        (A)  makes or **causes to be made any false entry or statement of fact in** any report, account, **record**, or other document produced pursuant to subpoena or other lawful order under subsection (a);

        (B)  **willfully neglects or fails to make or to cause to be made full, true, and correct entries in such reports,** accounts, records, or other documents; or

        (C)  willfully mutilates, alters, **or by any other means falsifies any documentary evidence;**
shall be liable in a civil action or in a criminal proceeding in the amount of $100,000 or imprisoned not more than one year, or both.

    **AND 18 USC section 1512(b), remedial under RICO and which provides:**
    **(b)**  Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
    **(2)**  cause or induce any person to—
    (A)  withhold testimony, or withhold a record, document, or other object, from an official proceeding;
    (B)  alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;
    (C)  evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding;
    **(h)**  There is extraterritorial Federal jurisdiction over an offense under this section.
    **(k)**  Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was then object of the conspiracy.

    5.  GRAY provided a copy of this sign in list to the court, but not to NEILSON, for evidence to avoid the court's personal jurisdiction. WALDRIP in violation of NEILSON's due process rights accepted this sign in list as evidence at this hearing, irrespective that this recently fabricated sign in list had never been previously produced to Neilson either at the hearing or at any time prior thereto. WALDRIP allowed his office to be used as a criminal enterprise to obstruct proper entry of a judgment by allowing the knowing submission of false

3

evidence. "The sign in list" was clearly false and fabricated because GRAY further perjuriously testified that another party had served process upon BENEFICIAL on September 2, 2015 in re Holli Lundahl v. Beneficial as Third Judicial District Sweetwater County, Wyoming, Civil No. 14 CV 659, not NEILSON and to prove this assertion GRAY pointed ot the process server's signature on the sign in list; an exhibit that was never given to NEILSON. However GRAY's testimony directly conflicted with the earlier testimony of JACOBSON attached hereto as exhibit "4", paragraph 7 who testified that the process served by Holly Lundahl on September 2, 2015 was served by mail. Therefore no authentic signature could have been included on this recently fabricated sign in list. In addition, the panoramic service videotape reflects absolutely no sign in document on the reception desk when NEILSON's process server served the 1 page summons and 2 page specific performance action upon CT Corporation. Judge Waldrip refused to allow that videotape into evidence at the hearing same irrespective that it had been attached to the service affidavit of NEILSON's process server and had already been authenticated. Exhibit "5" is a still shot of the videotape showing CT's agent taking the process in hand. Judge WALDRIP therefore denied NEILSON of the right to effective cross examination, even as impeachment evidence.

  6. In addition, BELCHER's assertion of lack of subject matter jurisdiction was defeated by Plaintiff's evidence of the exact monies NEILSON expended to get the cash proceeds into the title company which was over $54,000. BELCHER continued to forge forward with his mail and wire fraud to deprive NEILSON of the right to a specific performance judgment and delay damages shown by NEILSON's affidavit and wholly unopposed by BELCHER through a contrary affidavit by consipring with the court to use his office to deny NEILSON of her constitutional rights and property rights under RICO. See Hobby Lobby Stores, Inc. v. Sebelius, 723 F.3d 1114, 1146 (10th Cir. 2013) (a court deems uncontested facts established by affidavit as admitted for purpose of deciding a motion for preliminary injunction, judgment on the pleadings, or summary judgment. ) Because BELCHER provided absolutely no evidence to the court opposing NEILSON's accounting, NEILSON's facts were admitted. Furthermore, NEILSON presented Wyoming case law that permitted NEILSON the right to a specific performance and to delay damages upon a buyer's

complete performance. Clearly, BELCHER was in league with Judge WALDRIP to violate NEILSON's rights.

7. The entirety of the Wyoming action was to secure specific performance on the sales contract. NEILSON petitioned Judge WADRIP for more than one year to enter the judgment deeding the property to NEILSON (attached hereto as exhibit "7") and to determine delay damages. However just before the hearing, HSBC put the property back on the market thus completing the last and final element to sustain an FHA action against the defendants as noted in the email NEILSON sent to opposing counsel and attached hereto as exhibit "8" and pursuant to McDonnell Douglas Test.

Plaintiff NEILSON therefore requests that this court add a claim for racketeering an add CT Corporation and her employees to the case for falsifying evidence and for committing mail and wire fraud to defraud Plaintiff of her property rights.

Dated: July 8, 2016

*[signature]*
E.H. Neilson

Certificate of Service
The above signed certifies that she has served each defendants either at it's fax or email address with the foregoing amended motion to supplement the FAC.