IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LISA NELSON, personally and as assignee of claims belonging to the Shanandoah Trust, H. Lundahl Telford personally and as assignee to the claims of Marti Lundahl, and H. LUNDAHL TELFORD, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:16CV368 |
| v. | ) ) | |
| MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, JEFFREY A. DONNELL, GEORGE E. POWERS, LAW OFFICES OF SUNDAHL, POWERS, KAPP & MARTIN, D. CHRISTINSEN, SUSAN AUKEMA, PAMELLA GEE, U.S. Postal Employees, and DOES 1-10, | ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |
| E.H. NEILSON, | ) ) ) | |
| Plaintiff, | ) ) ) | 4:16CV3093 |
| v. | ) ) | |
| HSBC, BENEFICIAL WYOMING, INC., WADE WALDRIP, Judge, JAMES BELCHER, LAW OFFICE OF CROWLEY AND FLECK, UNITED STATES POSTAL SERVICE, K.S. CHRISTIANSEN, and DOES 1-10, | ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) ) ) | **(Direction to Clerk: see Order portion of this document for specific directions in these and other cases)** |

I have a reasonable suspicion that one or more of the plaintiffs and one or more of two defendants (one defendant in each case) are engaging in a fraud on the court. So, I will take temporary measures to protect the integrity of the court until I have a firmer handle on what to do.

In this regard, I am seeking advice from the General Counsel's office of the Administrative Office of the United States Courts.

### *Brief Background*

Both of these pro se cases were removed from state court by a defendant variously named D. CHRISTINSEN and K.S. CHRISTIANSEN. Both of these cases named plaintiffs with similar names, LISA NELSON and E.H. NEILSON. In both cases, D. CHRISTINSEN and K.S. CHRISTIANSEN removed these cases from the state courts and sought leave to proceed in forma pauperis. Both of these cases involve suits against state judges and other defendants. H. LUNDAHL TELFORD is listed as a plaintiff in one case. For the reasons described next, this person will be referred to as Ms. Lundahl.

Ms. Lundahl frequently uses aliases. *See Lundahl v. Zimmer*, 296 F.3d 936, 937 (10th Cir. 2002) (noting Ms. Lundahl filed a suit in the District of Utah under the name of Holli Telford); *see also Lundahl v. Nar Inc.*, 434 F. Supp.2d 855, 860 n.2 (D. Idaho May 24, 2006) ("Plaintiff has employed numerous aliases in her past litigation including, but not limited to, H.M. Telford, M.H. Telford, Marti Telford, Holli Lundahl, H. Lundahl, H.T. Lundahl, Marti Lundahl, and Holly Mattie Telford"). This Memorandum and Order shall apply to Ms. Lundahl even if she improperly proceeds under any alias.

Ms. Lundahl is known for filing abusive, vexatious and frivolous actions and pleadings throughout this nation and even in the Supreme Court of the United States. As one court has noted:

> Plaintiff Holli Lundahl has a lengthy history of filing abusive, vexatious, frivolous actions and pleadings, both in this Court and in other state and federal courts. For example, in 2003, the Utah Supreme Court noted Ms. Lundahl filed 19 appeals, for *[sic]* writ petitions, two petitions for certiorari, and two petitions for interlocutory appeal before that court, all in approximately four years. *Lundahl v. Quinn*, 67 P.3d 1000, 1001 (Utah 2003). That court found her filings were "routinely frivolous" and "with the apparent purpose, or at least effect, of harassment; not only of opposing parties, but of the judicial machinery itself." *Id.* at 2002. The Utah Supreme Court imposed filing restrictions against Ms. Lundahl.
>
> A non-exhaustive list of additional courts that have imposed filing restrictions against Ms. Lundahl includes:
>
> 1. The Ninth Circuit Court of Appeals, *In re Lundahl*, No. 97-80258 (9th Cir. Jul. 17, 1997);

2. The United States District Court for the District of Utah, *In re Lundahl* (D. Utah July 8, 2004) (general order imposing filing restrictions);

3. The United States Supreme Court; *Lundahl v. Eli Lilly & Co.*, 73 USLW 3631, 2005 WL 461288 (Apr. 25, 2005);

4. The Tenth Circuit Court of Appeals, *Johnson v. Stock*, No. 03-4219, 2005 WL 1349963 (10th Cir. June 8, 2005);

5. The United States District Court of the Western District of Texas, *Lundahl v. Hawkins*, 2009 WL 3617518 (W.D. Tex. Oct. 27, 2009), *aff'd*, 407 Fed.Appx. 777 (5th Cir. 2011); and

6. The United States District Court for the District of Idaho, *Lundahl v. Nar Inc.*, 434 F.Supp.2d 855 (D. Idaho May 24, 2006).

Ms. Lundahl worked hard to earn these previous filing restrictions. Her litigation tactics have been "abusive, harmful, and intended to harass and annoy both the parties she names in her lawsuits and the entire judicial system she purports to invoke." *Lundahl v. Nar Inc.*, 434 F. Supp2d 855, 859 (D. Idaho May 24, 2006). Ms. Lundahl's lawsuits are often blatant attempts to relitigate previously unsuccessful claims in new forums. *See id.* at 856. Her abusive litigation is extensive. A United States District Judge for the Southern District of Texas described Ms. Lundahl's litigation history:

> A review of the U.S. Party and Case Index reveals that [Ms. Lundahl] has filed more than sixty pro se lawsuits in the federal courts of California, Utah, Nevada, Montana, Texas, and Idaho, and over eighty appeals in the federal appellate courts of those states.

Civil Action No. H-08-3786, Order of Dismissal (S.D. Tex. Jan. 14, 2009) (citations omitted). Those numbers have only increased substantially over the last five years.

*Lundahl v. Eli Lilly & Co.*, No. 13-CV-241-SWS, 2014 WL 347157, at * 1-2 (D. Wyo. Jan. 30, 2014), *aff'd sub nom. Lundahl v. Halabi*, 600 F. App'x 596 (10th Cir. 2014).

### *Brief Summary of Hearings held on September 19, 2016*

I held back-to-back hearings in these cases on September 19, 2016. Every person appearing without counsel was sworn under penalty of perjury.

3

In Case No. 8:16CV368, I ordered Defendant D. Christinsen and Plaintiffs Lisa Nelson and H. Lundahl Telford to appear before me. I warned that the failure to appear as ordered could result in the imposition of sanctions including, but not limited to, the imposition of monetary sanctions, barring one or more of the summoned litigants from prosecuting or defending cases in this court, and dismissal with prejudice of the claims or defenses of one or more of the summoned litigants. The other parties to this action were not required to attend the hearing, but they could appear if they so desired.

I entered a similar order in Case No. 4:16CV3093. There, I ordered Defendant K.S. Christiansen and Plaintiff E.H. Neilson to appear.

In Case No. 8:16CV368, Plaintiff Lisa Nelson failed to appear as ordered. Instead, a person by the name of Steven Fritts appeared. He declared in a sworn pleading that: "Due to a family emergency requiring Lisa Nelson to relocate to Panama on or about September 3, 2016, I revoked the assignment to Lisa Nelson, terminated Lisa's services as a subordinate trustee, and re-assigned the causes of action underlying this action to myself pursuant to my duties under the trust instrument; said instrument originally created by Hollie Telford in 1991." Ms. Lundahl also appeared, together with a person claiming to be "D. Christinsen." (He later identified his first name as "Dillon.")

I examined each of these three individuals other oath. Among many other things, it is apparent that the application to proceed in forma pauperis that accompanied the removal notice filed by "D. Christinsen" is wholly insufficient because the financial affidavit that went with it contains both material omissions and misrepresentations. For example, he admitted under oath that he listed a dead child as a dependent and failed to disclose that he and Ms. Lundahl jointly own a tractor worth approximately $10,000. Additionally, he had no knowledge of a debt described on his affidavit. ("Primo equity lenders- $720/mo.")

Furthermore, it became apparent that D. Christinsen did not prepare the notice of removal. Rather, he had the assistance of someone else. As will become clear in a moment, it is also noteworthy that on the notice of removal, he listed his address this way: 710 South 13th St. #900 PMB #170 Norfolk, NE 68701.

In Case No. 4:16CV3093, the plaintiff E.H. Neilson appeared for the hearing. She denied any knowledge of Ms. Lundahl, Lisa Nelson, Steven Fritts or D. Christinsen. She admitted under oath that her full name was Elham Neilson. I take judicial notice that a person by the name of

Elham Neilson filed a verified complaint in *Neilson v. Clarence Williams*, et. al, Case No. 6:11CV228 (filing no. 1) in the Eastern District of Texas. While that pleading contains the signature Elham Neilson, it appears that the document's signature line was manually altered by striking the words "HM.Telford" and adding "EL" and then "A" before and between the signature line for "HM Telford." A copy of that document is attached and marked as Exhibit 1 RGK.

I questioned E.H. Neilson under oath about whether she had help preparing pleadings. She admitted that she did have help, but refused to give the address of the person who helped her. She did, however, provide an e-mail address.

K.S. Christiansen did not appear as ordered, but Anthony Kenyon Cross did appear as the "assignee" of K.S. Christiansen. An assignment was filed by K.S. Christiansen after the entry of my hearing order. It is noteworthy that K.S. Christiansen has given her address in a change of address notice as K. Christiansen 710 S. l3th St., Ste 900 PMB #710 Norfolk, NE 68701. This address is nearly identical to the address provided by D. Christinsen in Case No. 8:16CV368.

In questioning Mr. Cross, it ultimately became clear that he was instructed by someone else (perhaps his parents) to show up for K.S. Christiansen with little or no knowledge about what he was responsible for doing. After further questioning, Mr. Cross indicated he wanted nothing further to do with this matter.

### *Protecting the Integrity of the Court*

Independent of my duty to insure all litigants are treated fairly and according to the Constitution, the statutes, the relevant rules and the precedents, I have a separate obligation to protect the integrity of the court. "'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821) and noting that this "inherent power of the federal courts" allows a federal court "to vacate its own judgment upon proof that a fraud has been perpetrated upon the court"; stating that "tampering with the administration of justice . . . involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public. Moreover, a court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud.") (internal quotations and citations omitted). *See also Eriline Co. S.A. v. Johnson,* 440 F.3d 648, 654 (4th Cir. 2006) (federal court's "inherent power" encompasses court's authority to dismiss an action sua sponte "'when a

party deceives [the] court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process.'") (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993)); *Walsh v. Comey*, 118 F. Supp. 3d 22, 28 (D.D.C. 2015) (court has obligation to protect the "orderly and expeditious administration of justice") (internal quotation and citation omitted); *Simons v. Freeport Mem'l Hosp.*, No. 06 C 50134, 2008 WL 5111157, at *5 (N.D. Ill. Dec. 4, 2008) (courts have obligation to protect and preserve the integrity of the judicial proceedings before them); *Ward v. Nierlich*, No. 99-14227 CIV, 2006 WL 5412626, at *3 (S.D. Fla. Sept. 18, 2006) (federal courts have inherent authority to protect the integrity of the judicial process and to sanction Plaintiffs and their counsel for abuse of that process); *State of Colo. ex rel. Colorado Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989) ("Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out the functions mandated by Article III. . . . In order to protect and maintain the integrity of our docket and protect other individuals who seek access to the court, this trial court may place reasonable restrictions on litigants who abuse the judicial process.").

Therefore,

IT IS TEMPORARILY ORDERED that:

1. Ms. Lundahl, Mr. Fritts, Lisa Nelson, E.H. Neilson, Elham Neilson, D. Christinsen, Dillon Christinsen, Dillon Christiansen, K.S. Christiansen, and Anthony Kenyon Cross and any agents, servants, employees or other persons under their joint, sole or several control or any entities in which they or any of them have any interest, are instructed as follows:

    A. Until further order of the undersigned, and except as provided in paragraph 3, the foregoing persons or entities are barred from filing any pleadings or documents in the following cases:

    Nelson, et al. v. Mountain West Farm Bureau Mutual Insurance Company, et al., 8:16CV368-RGK-PRSE;

    Lundahl, et al. v. Dunn, et al., 4:15CV3133-RGK-PRSE;

    Telford, et al. v. United States of America, et al., 4:16CV3147-RGK-PRSE;

>> Lundahl, et al., v. Hoffman, et al., 4:16CV3000-RGK-PRSE;
>>
>> Bell, et al., v. The Gerald and Mary Lundahl Living Trust, et al., 7:16CV5001-RGK-CRZ[1]; and
>>
>> Neilson v. HSBC, et al., 4:16CV3093-RGK-PRSE.

> B. *The Clerk shall enter a copy of this Memorandum and Order in all of the foregoing cases. Except as noted in paragraph 3, if any of the above persons or entities attempt to file a pleading or other document in the foregoing cases, the Clerk shall immediately notify the undersigned and hold unfiled such pleadings or documents until the undersigned provides further direction.*

2. Until further order of this court, the persons or entities described in paragraph 1 are barred from filing any new action in this court or removing any new action from state court to this court. *If any such action or removal is attempted, the Clerk shall immediately notify the undersigned and hold unfiled such documents until the undersigned gives further direction.*

3. On or before 4:30 PM on Monday, October 3, 2016[2], Ms. Lundahl shall cause the original documents establishing the Shanandoah Trust, the predecessor to said trust or any affiliated entities of such trust to be delivered to the Clerk of this Court in Lincoln, Nebraska. The original document(s) must arrive no later than 4:30 PM. Upon receipt of such documents, the Clerk shall notify the undersigned and the undersigned will provide instructions about the handling of such documents.

4. Anthony Kenyon Cross shall have no obligation to participate in any of these cases on behalf of K.S. Christiansen.

DATED this 21st day of September, 2016.

---

[1] H. Lundahl and Telford-Lundahl Trust are listed as additional plaintiffs in this suit.

[2] At the hearing, I gave her until 5:00 PM. However, since the Clerk closes at 4:30 PM, I have been required to shorten the deadline by 30 minutes.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
and Pro Se Docket Supervisor

Elham Neilson
10621 S. Old Highway 191
Malad City, ID 83252
208-473-5800


Ex 1.
RGK

FILED CLERK
U.S. DISTRICT COURT

2011 MAY -9 PM 3: 15

TEXAS EASTERN

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS
TYLER DIVISION

BY_____

| | | |
|---|---|---|
| ELHAM NEILSON | : | |
| Plaintiff | : | Case No. 6:11-CV-228 MHS/JDL |
| vs. | : | |
| CLARENCE WILLIAMS AND DOES DEFENDANTS | : | VERIFIED COMPLAINT |
| | : | DEMAND FOR JURY TRIAL |
| Defendant | | |

COMES NOW Elham Neilson and alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. This court has subject matter jurisdiction over the within claims pursuant to the diversity clause, Title 28 USC section 1332. Plaintiff is completely diverse from defendant and any unknown doe defendant as plaintiff resides in Idaho, defendant resides in Dallas Texas, and the subject manufactured home classified as personal property to whch plantff has an interest is located in Tyler, Texas. The amount of damages in this lawsuit exceeds $75,000. Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants." *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005). This lawsuit is timely filed as the claims accrued on April 16, 2011 when the defendant interfered with plaintiff's ability to move plaintiff's personal property.

2. Venue in this jurisdiction is proper as the res lies in this jurisdiction and the torts took place here. Plaintiff sues personally and as assignee to the property interests of H.M. Telford.

## GENERAL ALLEGATIONS

1.

3. Plaintiff entered into a lease option to buy contract with H.M. Telford, the titled owner of a 1998 manufactured home located at 6150 Rhones Quarter Road, Tyler Texas 75707 on March 28, 2011. H.M. Telford presented her Bill of Sale showing ownership of the unit to plaintiff. H.M. Telford acquired the manufactured home as personal property sold through a judicial foreclosure sale on March 1, 2010. After the sale, all liens then existing were extinguished as a matter of law; thus allowing H.M. Telford to exact her own liens with respect to the subject property.

4. In tandem with the foregoing lease option to buy and with the contracted consent of H.M. Telford, on April 13, 2011 plaintiff purchased a lot in Flint Texas to move the manufactured home.

5. On April 14, 2011, Plantiff contracted with a home-mover to move said manufactured home from Tyler Texas to the Flint, Texas property; said moving date scheduled for April 21, 2011. Plaintiff's contract with the mobile home mover was subject to a $3,000 penalty if not moved on the day scheduled.

6. Defendant Williams was the former owner of the unit until the unit was acquired through a judicial sale by H.M. Telford. Defendant was an at will tenant having no legal interests in the unit during all times mentioned herein. Defendant still had personal belongings in the unit which Defendant formerly used as a weekend retreat.

7. On April 21, 2011, Plaintiff was present on a conference call between defendant and H.M. Telford wherein H.M. Telford directed defendant to remove his personal belongings or they would be taken as abandoned during the move scheduled for April 21, 2011. H.M. Telford also informed defendant that the movers needed unimpeded access to H.M. Telford's property and that a penalty fee of $5,000 would be exacted against plaintiff and alternatively against Defendant, if the movers could not move the property on the scheduled contract date. Plaintiff personally heard defendant agree to vacate the premises and to clear his property from H.M. Telford's unit by April 21, 2011.

8. On April 15, 2011, plaintiff contracted with a septic tank professional, a plumber and an electrician to meet plaintiff at the Flint property and to perform installations of waste, water and electrical lines and services to the manufactured home. Penalty fees to the tune of $3,000 were leveraged in the event the home was not delivered the late morning hours

of April 21, 2011.

9. On April 21, 2011, Plantiff's home- mover appeared at 6150 Rhones Quarter Road, Tyler Texas to move the Manufactured home. The defendant acquired locks which he secured up and down the entrance gate to a chain link fence surrounding H.M. Telford's manufactured home and the defendant also lodged vicious attack dogs on the curtiledge surrounding the manufactured home; all for the purpose of unlawfully detaining plaintiff's leased property bearing an option to buy.

9. On April 21, 2011, Plaintiff and H.M. Telford immediately contacted the defendant by phone demanding removal of the locks and dogs and full access to the manufactured home to avoid the $5,000 penalty in the home-movers contract. The defendant refused to comply and challenged plaintiff and H.M. Telford to sue him.

10. As a direct result of the defendant's unlawful detainer and conversion, on April 21, 2010 plaintiff was penalized $5000 by the mobile home mover, plaintiff was penalized additional damages of $4,000 as to the plumbers, electricians and septic professionals present and willing to perform when the home did not show up on the flint premise, plaintiff was injured in deprived monthly lease benefits of $1400 (all still accruing), and plaintiff was displaced and compelled to spend $1200 for 2 weeks stay at the Silver Leaf Resorts south of the Flint property in order to expedite the obstructed moves.

11. On May 7, 2011 plaintiff returned to Idaho to stay with family members until this official process could be executed evicting defendant from her premises, directing defendant to release all restraining devices at the Tyler location, from holding over plaintiff's property, and ordering the sheriffs office to keep the peace while plaintiff attempted to remove H.M. Telford's manufactured home from the Tyler premises.

12. Aside from the damages above mentioned, the defendant held over a unit which has an insured value of $80,000.00. Furthermore, with the defendants present tactics it is believed that the defendant will retaliate against plaintiff and H.M. Telford and vandalize said unit. Accordingly, plaintiff will request an order from this court at the time of removal which allows the sheriffs office to inspect said unit for any vandalism, theft or other property damage issues.

FIRST CAUSE OF ACTION

(Conversion)

11. Plantiff has not authorized the defendant to exercise control over her property. The defendant has effectively converted plaintiff's property carrying an insured value of $80,000.00

### SECOND CAUSE OF ACTION
(Unlawful Detainer)

12. The defendant has unlawfully detained plaintiffs personal property by way of a 1998 manufactured home with all major appliances therein included, in violation of the law.

13. Plaintiff seeks an order of eviction and the removal of the defendant, his attack dogs, all locking devices and personal items belonging to the defendant. Plaintiff also seeks an order directing that plaintiff be permitted to remove the 1998 manufactured home and all appliances therein included from 6150 Rhones Quarter Road, Tyler Texas. Finally plaintiff also requests that the court issue an order directing the sheriffs office to survey the entirety of the manufactured home and report any vandalism, theft or other property damage issues for purposes of assessing vindictive damages.

### THIRD CAUSE OF ACTION
(Tortious interference with Third party Contracts And Prospective Economic Relief)

13. The defendant has tortiously interfered with plaintiff's third party contracts to which the defendant had knowledge and thereby immediately damaged plaintiff to the tune of $20,000.00. This damages is ongoing for as long as the defendant unlawfully detains plaintiff's properties. In addition, the defendant owes rental fees to plaintiff as an assignee to H.M. Telford in the amount of $1000 per month.

### FOURTH CAUSE OF ACTION

14. Plaintiff is entitled to treble damages and or punitive damages under Texas' Deceptive Practices Act for the illegal holdover of plaintiff's properties.

4.

## PRAYER

Wherefore plaintiff prayers for the following:

1. All general, special, and punitive damages allowed by law.
2. Trial by jury;
3. All other equitable relief accorded by law, and;
4. Attorneys fees should they become necessary.

Dated: May 6, 2011

*[signature]*

ELHAM. ~~Bedford~~
Neilson

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED CLERK
U.S. DISTRICT COURT

## I. (a) PLAINTIFFS
Elham Neilson

**DEFENDANTS**
Clarence 2011 May 11 3:51 am 6
and Does

(b) County of Residence of First Listed Plaintiff: Oneida County, Idaho
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Texas Eastern, Texas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY

(c) Attorney's (Firm Name, Address, and Telephone Number): Pro Se

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☒ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1332(a)

Brief description of cause: Unlawful Detainer, Conversion, Deceptive Business Practice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000 +
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE 5/6/11

SIGNATURE OF ATTORNEY OF RECORD: Elham Neilson

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___